UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

EXTENET SYSTEMS LLC, *f/k/a ExteNet Systems, Inc.*[1],

        Plaintiff,

       v.

CITY OF ROCHESTER, NEW YORK,

        Defendant.
_____

**DECISION AND ORDER**

6:20-CV-07129 EAW

## INTRODUCTION

Plaintiff ExteNet Systems LLC ("Plaintiff" or "ExteNet") seeks declaratory and injunctive relief against defendant the City of Rochester ("Defendant" or "the City") related to the City of Rochester Telecommunications Code (the "Telecom Code"). (Dkt. 1). More particularly, Plaintiff asserts the following claims: (1) violation of Section 253 of the Federal Communications Act of 1934, 47 U.S.C. § 253 ("Section 253") and of Section 332 of the Federal Communications Act of 1934, 47 U.S.C. § 332 ("Section 332"); and (2) violation of the First Amendment right to freedom of speech, U.S. Const. Amend. I. (*Id.*).

---

[1]    Plaintiff ExteNet Systems, LLC completed a conversion from a Delaware corporation to a Delaware limited liability company effective December 30, 2021. (Dkt. 38). The Clerk of Court is directed to amend the caption of this action to reflect the same.

- 1 -

Pending before the Court are Plaintiff's motion for summary judgment (Dkt. 30) and Defendant's cross-motion for summary judgment (Dkt. 32). For the reasons discussed below, the Court denies in their entireties both parties' motions.

## BACKGROUND

The following facts are taken from the parties' respective statements of undisputed facts and responses thereto (Dkt. 30-2; Dkt. 32-6; Dkt. 37-1), as well as the exhibits submitted by the parties. The Court has noted relevant factual disputes.

### I.  The Court's Cellco and Crown Castle Decisions

As an initial matter, contemporaneously with entry of this Decision and Order, the Court has entered Decisions and Orders in the related cases of *Cellco Partnership v. City of Rochester*, No. 6:19-cv-006583 (the "Cellco Case"), and *Crown Castle Fiber LLC v. City of Rochester et al.*, No. 6:20-cv-06866 (the "Crown Castle Case"). *See* Cellco Case, Dkt. 65 (W.D.N.Y. August 22, 2022) (the "Cellco Decision"); Crown Castle Case, Dkt. 35 (W.D.N.Y. August 22, 2022) (the "Crown Castle Decision"). Like ExteNet, the plaintiff in the Cellco Case has also asserted challenges to the Telecom Code under Section 253. In the Cellco Decision, the Court denied the parties' competing motions for summary judgment, making numerous findings that are relevant here. Those findings include: (1) the Court has the authority to hear a cause of action for a violation of Section 253; (2) the Federal Communications Commission's ("FCC") declaratory ruling and report and order entitled *In the Matter of Accelerating Wireless Broadband Deployment by Removing Barriers to Infrastructure Inv.*, 33 F.C.C. Rcd. 9088 (2018) (the "Small Cell Order") applies to challenges to the Telecom Code brought under the Federal Communications Act,

- 2 -

including challenges to the City's fees for linear underground and aerial telecommunications facilities; (3) pursuant to the Small Cell Order, the City bears the burden of demonstrating that its fees are cost-based; and (4) issues of fact exist regarding whether the fees contained in the Telecom Code are a reasonable approximation of the City's costs.

The plaintiff in the Crown Castle Case has also asserted a challenged to the Telecom Code under Sections 253 and 332, as well as asserting a First Amendment challenge. In the Crown Castle Decision, the Court determined that summary judgment was not appropriate on any of those claims.

The Cellco Decision and Crown Castle Decision are incorporated by reference into the instant Decision and Order, and familiarity with their contents, reasoning, and conclusions is assumed. The Court accordingly will not repeat the factual background set forth in the Cellco Decision regarding small cell infrastructure, the adoption of the Small Cell Order, the City's *Rules and Regulations for Work in the Right-of-Way, City of Rochester, New York* (the "ROW Rules"), and the adoption of the Telecom Code.

## II. ExteNet's Activities in the City's Right-of-Way ("ROW") and Payment of Fees under the Telecom Code

ExteNet is a provider of telecommunications services. (Dkt. 30-2 at ¶ 1; Dkt. 32-6 at ¶ 1). ExteNet owns facilities in the City consisting of fiber optic cable and small antennas with supporting equipment. (Dkt. 30-2 at ¶ 6; Dkt. 32-6 at ¶ 6).

ExteNet entered into a ROW Use Agreement with the City on November 5, 2015. (Dkt. 30-2 at ¶ 13; Dkt. 32-6 at ¶ 13). ExteNet maintains that the ROW Use Agreement

"imposed fees on ExteNet for use of the ROW, including a fee equal to five-percent (5%) of ExteNet's gross revenues, paid on a quarterly basis" (Dkt. 30-2 at ¶ 14), while the City disputes the use of the term "imposed," contending that "ExteNet agreed to pay fees to the City in the amount of five percent of ExteNet's gross revenue derived from the facility" (Dkt. 32-6 at ¶ 14). Pursuant to the terms of the ROW Use Agreement, ExteNet deployed 41 small cell facilities and 31,707 linear feet of fiber optic cable. (Dkt. 30-2 at ¶ 19; Dkt. 32-6 at ¶ 19).

ExteNet takes the position that "[i]f the fees imposed in the Telecom[] Code were enforced on ExteNet, ExteNet would be required to pay $86,103 per year for its current facilities," or approximately 240% more than it had been paying under the ROW Use Agreement. (Dkt. 30-2 at ¶¶ 76, 80). The City disputes that contention. (Dkt. 32-6 at ¶¶ 76, 80).

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing its complaint on December 30, 2020. (Dkt. 1). Defendant answered the complaint on January 28, 2021. (Dkt. 8).

Factual discovery closed on August 6, 2021. (Dkt. 28). Expert discovery closed on October 22, 2021. (*Id.*).

Plaintiff filed its motion for summary judgment on November 1, 2021. (Dkt. 30). Defendant filed its response and cross-motion for summary judgment on November 29, 2021. (Dkt. 32). Plaintiff filed a reply in further support of its motion and response to Defendant's cross-motion on January 4, 2022. (Dkt. 37). Defendant filed a reply in further support of its cross-motion on January 17, 2022. (Dkt. 39).

**DISCUSSION**

**I.      Standard on Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment should be granted if the moving party establishes "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court should grant summary judgment if, after considering the evidence in the light most favorable to the nonmoving party, the Court finds that no rational jury could find in favor of that party. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)).

"The moving party bears the burden of showing the absence of a genuine dispute as to any material fact. . . ." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486 (2d Cir. 2014). "Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Johnson v. Xerox Corp.*, 838 F. Supp. 2d 99, 103 (W.D.N.Y. 2011) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (quoting *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011)). Specifically, the non-moving party "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown*, 654

F.3d at 358.  Indeed, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  "Moreover, even when both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party.  Rather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration." *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).

II. **Cause of Action for Violation of Section 253**

The parties' dispute regarding the viability of Plaintiff's Section 253 claim largely mirrors the dispute in the Cellco Case.  However, in the Cellco Case, Defendant did not argue "that Congress took any action to limit the Court's ability to grant equitable relief related to violations of Section 253."  Cellco Decision at 10.  Defendant did make that argument in the Crown Castle Case, and it was rejected by the Court for reasons set forth in detail in the Crown Castle Decision, and which the Court similarly relies on here.  The remainder of the parties' arguments about the cognizability of Plaintiff's Section 253 claim are resolved by the Cellco Decision

III. **Cause of Action for Violation of Section 332**

In this case, like in the Crown Castle Case, Plaintiff has also asserted a claim under Section 332(c)(7)(B)(i).  (*See* Dkt. 1 at ¶ 93).  Defendant argues here, as it did in the Crown Castle Case, that Plaintiff cannot maintain such a cause of action because "a precondition

- 6 -

to bring a claim under [Section] 332 is that the City have made a decision concerning the 'placement, construction, and modification of personal wireless services facilities.'" (Dkt. 32-7 at 7 (quoting 47 U.S.C. § 332(c)(7)(A)). The Court is unpersuaded by this argument for the reasons detailed in the Crown Castle Decision.

IV. **Genuine Issues of Material Fact Exist Regarding the Reasonableness of the City's Fees**

Plaintiff seeks summary judgment that the fees set forth in the Telecom Code violate Sections 253(a) and 332(c)(7)(B)(i)(II) because they "are not reasonable approximations, objectively determined, of the direct and actual costs to the City caused by telecommunications facilities[.]" (Dkt. 30-1 at 15-16). The Court has already concluded for reasons discussed at length in the Cellco Decision and the Crown Castle Decision that genuine issues of material fact exist regarding whether the City's fees are reasonably based on its costs, as required by the Small Cell Order. The arguments proffered by Plaintiff do not change this conclusion. The parties' factual disputes regarding the manner in which the City approximated its costs are not amenable to resolution on a motion for summary judgment. *See, e.g., Curry v. City of Syracuse*, 316 F.3d 324, 333 (2d Cir. 2003) ("[I]t is well established that '[c]redibility assessments, choices between conflicting versions of the events, and the weighing of evidence are matters for the jury, not for the court on a motion for summary judgment.'" (quoting *Fischl v. Armitage*, 128 F.3d 50, 55-56 (2d Cir. 1997))). This is particularly true because the City is required only to show that the fees at issue are a reasonable estimate of its actual costs. Reasonableness is not the sort of determination that is generally amenable to resolution as a matter of law. *Cf. Matzkow v. United New*

*York Sandy Hook Pilots Ass'n*, No. 18-CV-2200 (RER), 2022 WL 79725, at *11 (E.D.N.Y. Jan. 7, 2022) ("[C]ourts are generally reluctant to grant summary judgment in negligence cases because the assessment of reasonableness is generally a question of fact in all but the most extreme cases.").

The Court has considered Plaintiff's arguments that are not addressed by the Cellco Decision and the Crown Castle Decision. First, Plaintiff relies on *Qwest Corp. v. City of Santa Fe, New Mexico*, 380 F.3d 1258 (10th Cir. 2004), to argue that the Telecom Code violates Sections 253(a) and 332(c)(7)(B)(i)(II) because it "significantly increase[s] the financial burden on ExteNet." (Dkt. 30-1 at ¶ 23). However, there are factual disputes regarding the extent to which application of the Telecom Code would increase the fees charged to Plaintiff. In particular, Defendant notes that "Plaintiff indicates that the majority of its fiber optic cables are co-located in other telecommunications providers' conduits. Even assuming that all such facilities are in the public right of way, not private utility or other easements (which plaintiff fails to evidence on this motion), plaintiff would not pay for fiber that is laid in another entity's telecommunications conduit." (Dkt. 32-6 at ¶ 76). The Court accordingly cannot grant Plaintiff summary judgment on this basis.

Second, while the Court considered in the Cellco Decision several challenges to the admissibility of a spreadsheet prepared by the City to substantiate is position regarding the reasonableness of its cost estimates, Plaintiff has raised some additional challenges that must be addressed. Plaintiff argues that Defendant has improperly relied on deposition testimony given by Louie Tobias, the City's Telecommunications Director, in support of the spreadsheet and that such deposition is not admissible in this case. This argument

misapprehends the evidentiary standard on a motion for summary judgment. While the Court will only consider evidence that would be admissible at trial on a motion for summary judgment, *see Porter v. Quarantillo*, 722 F.3d 94, 97 (2d Cir. 2013), "the nonmoving party need not produce evidence *in a form that would be admissible at trial* in order to avoid summary judgment." *Rivera v. Lopez*, 67 F. App'x 651, 653 (2d Cir. 2003) (emphasis in original, alteration omitted, and quoting *Celotex*, 477 U.S. at 324). Here, Mr. Tobias will be able to testify at trial to the same information he provided in his deposition in the Cellco Case. Accordingly, it is of no moment that his testimony is not currently in a form that could be admitted in the trial of the instant matter.

Plaintiff also argues that Mr. Tobias may not opine on cost accounting, because he is not an accountant and was not disclosed as an expert witness. (Dkt. 37 at 11). However, the Court is not persuaded that Mr. Tobias would be testifying as an expert witness in this case. Mr. Tobias compiled the spreadsheet in the course of his regular employment for the City, and can provide factual testimony regarding the manner in which he accomplished his task. Plaintiff has cited to no case in which a party's employee acting in the regular course of his employment was deemed an expert solely because he was assigned to perform tasks that required him to make judgment calls regarding complex subject matters. In other words, regardless of Plaintiff's view of Mr. Tobias's qualifications for the task of estimating the City's costs, he is the one who actually performed it (with input from other City employees, as discussed in the Cellco Decision), and it is not expert testimony for him to testify regarding the same.

For all these reasons, as well as the reasons set forth at length in the Cellco Decision and the Crown Castle Decision, the Court finds that summary judgment in any party's favor is not warranted as to Plaintiff's claims pursuant to Sections 253 and 332.

## V.     First Amendment Claim

Plaintiff next seeks summary judgment on its claim that the Telecom Code violates the First Amendment because it "unlawfully restricts political speech by preventing ExteNet from itemizing bills or describing specific costs to its consumers that would communicate to ExteNet's customers that cost increases were the result of the City's fees." (Dkt. 1 at ¶ 118).  Plaintiff asks the Court to declare that this provision of the Telecom Code violates the First Amendment and enjoin its enforcement.  (Dkt. 30-1 at 36).

The Court is not persuaded that it should issue a declaratory judgment as requested by Plaintiff at this time, for the reasons discussed at length in the Crown Castle Decision. Specifically, the Court does not find, on the current record, that it should exercise its discretion to enter a declaratory judgment on an issue that may ultimately be mooted by Plaintiff's challenge to the Telecom Code under Sections 253 and 332.

The Court further finds that the City is not entitled to summary judgment in its favor on Plaintiff's First Amendment claim.  As explained in the Crown Castle Decision, the City's contention that the challenged provision of the Telecom Code regulates only conduct and not speech lacks merit and does not justify entry of summary judgment in favor of the City.

## CONCLUSION

For the foregoing reasons, as well as the reasons set forth in the Cellco Decision and the Crown Castle Decision, the Court finds that neither Plaintiff nor Defendant is entitled to summary judgment in its favor. The parties' respective motions for summary judgment (Dkt. 30; Dkt. 32) are accordingly denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: August 22, 2022
Rochester, New York