UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

--- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- x

| | | |
|---|---|---|
| ExteNet Systems LLC. | ) | Civil Action No.  6:20-cv-07129- |
| Plaintiff, | ) | EAW |
| | ) | |
| vs. | ) | |
| | ) | |
| City of Rochester, New York | ) | |
| Defendant. | ) | |

--- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- --- x

<br>

**PLAINTIFF EXTENET SYSTEMS LLC's**
**MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION *IN LIMINE***

<br>

Haran C. Rashes (4965307)
Associate General Counsel
EXTENET SYSTEMS LLC
3030 Warrenville Road, Suite 340
Lisle, Illinois 60532
(630) 245-2064
hrashes@extenetsystems.com


T. Scott Thompson (*pro hac vice*)
Jon Garvin
Mintz, Levin, Cohn, Ferris, Glovsky &
Popeo, P.C.
555 12th St. NW, Suite 1100
Washington, DC 20004
Tel: 202-434-7440
SThompson@Mintz.com

February 24, 2023

## <u>TABLE OF CONTENTS</u>

**Page(s)**

I.      INTRODUCTION ................................................................................................................1

II.     BACKGROUND .................................................................................................................3

III.    ARGUMENT ......................................................................................................................5

IV.     CONCLUSION..................................................................................................................10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Chill ex rel. Calamos Growth Fund v. Calamos Advisors LLC*,
   417 F. Supp. 3d 208 (S.D.N.Y. 2019)...........................................................................................8

*Cellco P'ship v. City of Rochester*,
   No. 6:19-CV-06583 EAW, 2022 WL 3584476 (W.D.N.Y. Aug. 22, 2022) ...........................3

*DVL, Inc. v. Niagara Mohawk Power Corp.*,
   490 F. App'x 378 (2d Cir. 2012)................................................................................................8

*ExteNet Sys. LLC v. City of Rochester, New York*,
   No. 6:20-CV-07129 EAW, 2022 WL 3584358 (W.D.N.Y. Aug. 22, 2022) ..................1, 3, 4

*Leon v. TransAm Trucking, Inc.*,
   No. 18-CV-9755 (LJL), 2020 WL 728785 (S.D.N.Y. Feb. 13, 2020)....................................6

*Palmieri v. Defaria*,
   88 F.3d 136 (2d Cir. 1996).........................................................................................................4

*United States v. Garcia*,
   413 F.3d 201 (2d Cir. 2005)...................................................................................................6, 7

*United States v. Williams*,
   827 F.3d 1134 (D.C. Cir. 2016).................................................................................................7

**Other Authorities**

Fed. R. Civ. P. 26 ............................................................................................................... *passim*

Fed. R. Civ. P. 37(c)(1)..............................................................................................................1, 8

Fed. R. Evid. 701 ................................................................................................................ *passim*

Fed R. Evid. 702 ................................................................................................................ *passim*

Pursuant to Federal Rules of Evidence 701 and 702, Fed. R. Evid. 701 and 702, Federal Rule of Civil Procedure 37(c)(1), Fed R. Civ. P 37(c)(1), and this Court's Pretrial Order (Pretrial Order at 5-6, Dec. 22, 2022, Dkt. No. 43), Plaintiff ExteNet Systems LLC ("ExteNet") respectfully submits this Memorandum of Law in support of its motion for a ruling in advance of trial that Defendant City of Rochester's witness, Louie Tobias, is precluded from offering expert opinion testimony, including but not limited to regarding the reasonableness of the City's costs, cost allocations, or fees, or regarding the appropriate allocation of costs.  At a minimum, the Court should preserve the issue for application during trial based on the specific testimony offered by Mr. Tobias and objection by ExteNet at that time.

## I.    INTRODUCTION

As the Court is aware, a fundamental issue for trial in this case is whether Defendant City of Rochester's ("City") fees imposed on telecommunications providers' use of the public rights of way exceed the City's reasonable costs specifically related to and caused by the deployment of telecommunications facilities.  Central to the City's argument that its fees are limited to its costs is the testimony of the City's Director of Telecommunications and Special Projects, Louie Tobias, and a spreadsheet Mr. Tobias created that purports to reflect Mr. Tobias' collection of data regarding the City's costs caused by telecommunications facilities in the public rights of way (the "Spreadsheet").[1]

---

[1] The Spreadsheet is an Excel document produced by the City to ExteNet with Bates No. COR 000011.  The City produced the same document, with the same Bates Number, to plaintiffs Cellco d/b/a Verizon Wireless ("Verizon") and Crown Castle Fiber LLC ("Crown Castle") in their separate lawsuits challenging the City's telecommunications fees on similar grounds as those raised by Crown Castle in its suit. *See Cellco Partnership D/B/A Verizon Wireless v. City of Rochester*, No. 6:19-cv-06583 (W.D.N.Y); *Crown Castle Fiber LLC v. City of Rochester,* No. 6:20-cv-06866 (W.D.N.Y.).  A copy of the Spreadsheet was submitted as part of ExteNet's summary judgment motion at Dkt. No. 30-22 and is submitted with this Motion as Thompson Exh. 2.

1

ExteNet recognizes that in its August 22, 2023 Decision and Order addressing the parties'
summary judgment motions, the Court held that it was "not persuaded that Mr. Tobias would be
testifying as an expert witness in this case" and that he could provide "factual testimony
regarding the manner in which he accomplished his task" of "compil[ing] the spreadsheet."
*ExteNet Sys. LLC v. City of Rochester, New York*, No. 6:20-CV-07129 EAW, 2022 WL 3584358,
at *4 (W.D.N.Y. Aug. 22, 2022) (Dkt. No. 40 at 9).  However, ExteNet's discussion in its
summary judgment briefing was of a general nature and did not address specific statements or
actions by Mr. Tobias in which he opined or in which he explained actions he took that were of
an expert nature.  Thus, in this Motion, and reflecting the Court's admonition that parties raise
potential evidentiary issues in advance, ExteNet asks the Court to exclude any specific testimony
or evidence offered by Mr. Tobias at trial that crosses over into the realm requiring that he have
been designated and qualified as an expert under Federal Rule of Evidence 702, Fed. R. Evid.
702 ("Rule 702").

Based on the Court's earlier ruling, ExteNet understands that Mr. Tobias may testify
about the facts involved in his collection of data.  However, to the extent that in response to
specific questions from counsel, or independently in any particular instance, Mr. Tobias may
present testimony that, for example, opines on whether the City's cost allocation methodology is
reasonable or appropriate, or testifies that he used his judgment or alleged experience to assign
cost allocation factors, ExteNet anticipates objecting that such testimony is squarely within the
scope of Rule of Evidence 702 and should be excluded.  Acting within the scope of one's
employment does not exclude a witness from the required disclosure as an expert under Rule 702
or Fed. R. Civ. P. 26(a)(2).  The Rules clearly contemplate that a witness must still be designated
and qualified as an expert when the witness is offering opinion or technical testimony, even if the

expertise stems from technical or specialized experience gained in the person's employment. Such a witness may not be required to provide a report but still must be designated and qualified as an expert. *See, e.g.*, Fed. R. Civ. P. 26(a)(2).  Because Mr. Tobias was not designated as an expert, and is not qualified as an expert on cost allocation, he should not be allowed to testify beyond factual issues appropriate for a lay witness.

ExteNet emphasizes that it recognizes the admissibility of any specific testimony by Mr. Tobias will depend on an evaluation of the specific testimony and ExteNet's objection thereto at the time.  Thus, at a minimum, ExteNet brings this Motion in recognition of the Court's instructions in the Pretrial Order that parties raise in advance evidentiary issues "so that careful consideration can be given to the parties' respective positions."  (Pretrial Order at 6, Dkt. No. 43).

## II.      BACKGROUND

ExteNet challenges the City's fees imposed on telecommunications providers for use of the public rights of way.  In particular, ExteNet argues, and this Court has agreed, that Sections 253 and 332 of the federal Communications Act require that the City's fees be no more than the City's reasonable costs specifically related to and caused by the deployment of telecommunications facilities.  *See, e.g.*, *ExteNet Sys. LLC*, No. 6:20-CV-07129 EAW, 2022 WL 3584358, at *1, 3 (Dkt. No. 40 at 3, 7).  Moreover, in ruling on the parties' cross-motions for summary judgment, the Court concluded that the City bears the initial burden of demonstrating that its fees do not exceed that federal limit.  *Cellco P'ship v. City of Rochester*, No. 6:19-CV-06583 EAW, 2022 WL 3584476, at *9 (W.D.N.Y. Aug. 22, 2022) (Verizon Dkt. No. 65 at 20-21).

In support of its position, the City relies heavily on the Spreadsheet and testimony from Mr. Tobias.  According to the City, the Spreadsheet "sets forth the approximate incremental

personnel, operating and/or capital costs associated with installation and maintenance of telecommunications facilities in the right of way." (Declaration of T. Scott Thompson Exhibit 1.) However, in reality, the Spreadsheet—at best—reflects a snap shot of cost data collected by Mr. Tobias that Mr. Tobias then manipulated through the exercise of his own subjective judgment to assign and allocate costs based on the alleged impact of telecommunications providers.

In its Motion for Summary Judgment, ExteNet raised general concerns about the admissibility of the Spreadsheet and Mr. Tobias' testimony—without reference to specific testimony—because he was not designated as an expert and could not qualify as one under the requirements of Rule 702. (*See* Pl.'s Reply at 5-6, Jan. 4, 2021, Dkt. No. 37.) Perhaps with a recognition that Mr. Tobias' potential trial testimony was not certain (since ExteNet had not directed the Court to specific deposition testimony, for example), the Court rejected ExteNet's argument, explaining that it was "not persuaded that Mr. Tobias would be testifying as an expert witness" and concluded that "Mr. Tobias can provide factual testimony regarding the manner in which he" created the Spreadsheet. *ExteNet Sys. LLC*, No. 6:20-CV-07129 EAW, 2022 WL 3584358, at *4 (Dkt. No. 40 at 9). Ultimately, the Court determined that "regardless of Plaintiff's view of Mr. Tobias's qualifications for the task of estimating the City's costs, he is the one who actually performed it (with input from other City employees, as discussed in the Cellco Decision), and it is not expert testimony for him to testify regarding the same." *Id.*

Because ExteNet anticipates that at trial Mr. Tobias may offer specific testimony that will exceed the scope generally anticipated and approved by the Court, ExteNet files this Motion. The City already has identified the Spreadsheet as a potential Exhibit which can only be introduced into evidence with establishment of a proper foundation, presumably delivered by Mr.

4

Tobias.  At a minimum, one of the purposes of filing this Motion at this time is to give the City time to prepare a response and to give the Court ample time for consideration of this issue.  "The purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (citing *Banque Hypothecaire Du Canton De Geneve v. Union Mines*, 652 F. Supp. 1400, 1401 (D. Md. 1987)).

Pursuant to the Court's Minute Entry dated December 20, 2022, all three cases will be tried together beginning on June 1, 2023. (Min. Entry, Dec. 20, 2022, Dkt. No. 42). The Court has determined that the City bears the burden of proof on the question of whether its fees are cost-based, because the "Small Cell Order unequivocally places the burden of demonstrating that the fees at issue are a reasonable approximation of costs on the municipality." *See Cellco P'ship*,. No. 6:19-CV-06583 EAW, 2022 WL 3584476, at 21-22 (Verizon Dkt. No. 65 at 20-21).  As a result, the parties have agreed that the City will put on its direct case first at the consolidated trial.

## III.    ARGUMENT

The Court should not permit Mr. Tobias to inappropriately blur or cross over the lines distinguishing lay testimony from expert testimony.  The City did not identify Mr. Tobias as an expert witness.  Under the scheduling order in this case, the City was required to identify any rebuttal expert witness no later than September 9, 2021.  (*See* Stip. and Order for Amend. Sch. at 2, June 4, 2021, Dkt. No. 28.)  The City, however, did not identified any witness for expert testimony.  (Thompson Decl. ¶ 4.)  Accordingly, specific testimony by Mr. Tobias must be permitted under the limits defined by Rules 701 and 702 of the Rules of Evidence.

Federal Rule of Evidence 701 prohibits lay witnesses from offering opinion testimony unless it is "(a) rationally based on the witness's perception, (b) helpful to clearly understand the testimony or to determining a fact in issue, **and** (c) not based on scientific, technical or other specialized knowledge within the Scope of Rule 702." Fed. R. Evid. 701 (emphasis added). This rule ensures that a party cannot "conflate[e] expert and lay opinion testimony thereby conferring an aura of expertise on a witness without satisfying the reliability standard for expert testimony set forth in Rule 702 and the pre-trial disclosure requirements set forth in . . . Fed. R. Civ. P. 26." *United States v. Garcia*, 413 F.3d 201, 215 (2d Cir. 2005). As the *Garcia* Court explained, "a lay opinion must be the product of reasoning processes familiar to the average person in everyday life," and is distinct from expert testimony that "results from a process of reasoning which can be mastered only by specialists in the field." *Id.* (quoting Fed. R. Evid. 701 Adv. Comm. Notes to 2000 Amendments). The Court, therefore, must "focus on the reasoning process" and "if the opinion rests in any way upon scientific, technical *or other specialized knowledge* [then,] its admissibility must be determined by reference to Rule 702, not Rule 701." *Id.* (emphasis added). Furthermore, to the extent a party seeks to introduce opinion testimony from a *lay* witness, the burden is on the party wishing to introduce the testimony to establish that the opinion testimony is not based on scientific, technical or specialized knowledge. Fed. R. Evid. 701; *Garcia*, 413 F.3d at 211; *Leon v. TransAm Trucking, Inc.*, No. 18-CV-9755 (LJL), 2020 WL 728785, at *3 (S.D.N.Y. Feb. 13, 2020). The City cannot meet that burden to the extent Mr. Tobias' testimony extends to opining on issue that require technical or specialized knowledge, or to sponsoring the Spreadsheet and explaining the technical, specialized judgments exercised by Mr. Tobias within that Spreadsheet. Such testimony would be expert testimony requiring qualification under Rule 702.

ExteNet recognizes that the Court has held that Mr. Tobias may testify to the facts surrounding the collection of the data reflected in the Spreadsheet, generally, such as the manner in which he created it or how he acquired the data reflected in the Spreadsheet (subject, of course, to all other Rules of Evidence, such as hearsay).  However, to the extent that Mr. Tobias' specific trial testimony goes beyond the purely factual, it should be excluded.  For example, Mr. Tobias should not be permitted to opine on issues such as whether the City's cost allocation is reasonable or appropriate.

This is a meaningful concern because in his deposition in this case and in the Verizon and Crown Castle cases, Mr. Tobias opined, for example, that his allocation of cost was a "very conservative estimate."  (*See, e.g.,* Thompson Decl. Exh. 3.)  Similarly, Mr. Tobias revealed that as to the Spreadsheet, he not merely collected information from other City employees, but then took the information and manipulated it, making subjective judgments about what to include or discard, how to apportion hours between activities or across different job functions in different departments, and other decisions.  Such testimony would require Mr. Tobias to have been designated and qualified as an expert.  (Thompson Decl. Exh. 4 at 128:9-24, 126:16-127:11 and Exh. 5 at 326:24-328:1.)

Opinion testimony regarding how much cost should be allocated and whether or not such allocations are reasonable or conservative, for example, is testimony based on technical or specialized knowledge that must be "informed by reasoning processes and specialized knowledge beyond an average person in everyday life" and, therefore, is expert testimony under Rule 702.  *Garcia*, 413 F.3d, at 216.  A layperson lacks the specialized knowledge, experience and specialized accounting acumen necessary to exercise judgement calls regarding the allocation of costs to the presence of telecommunications facilities in the public ROW or to

opine on the reasonableness of a cost allocation methodology or result.  *See, e.g.*, *DVL, Inc. v. Niagara Mohawk Power Corp.*, 490 F. App'x 378, 381 (2d Cir. 2012).  Indeed, "[c]ost allocation *plainly* is a matter of accounting."  *Chill ex rel. Calamos Growth Fund v. Calamos Advisors LLC*, 417 F. Supp. 3d 208, 244 (S.D.N.Y. 2019) (emphasis in original).  There are different methodologies for cost allocation that an expert must choose between and apply.  *See id.*  To perform a complex cost accounting and allocation exercise, and to testify that the costs included are objectively reasonable and appropriately allocated, involves opinions and technical matters only admissible from an expert witness.  *See, e.g., id.* (excluding witness regarding cost allocation for lack of qualifications).

Accordingly, although Mr. Tobias may testify as a lay witness as to how he collected data, to the extent any of his specific testimony at trial veers into the assignment of specific cost allocations based on judgement by Mr. Tobias or into the issue of whether the City's costs are reasonable, for example, such testimony would be inadmissible expert testimony under Rules 701 and 702.  Fed. R. Evid. 701, 702.

To the extent the City may argue that Mr. Tobias may testify on specialized or technical matters based on his alleged experience, that argument is misses the point.  Whether Mr. Tobias has sufficient experience is a question for his qualification as an expert, not whether the testimony is lay or expert testimony under Fed R. Evid. 701 or 702.  Testimony regarding technical matters, such as cost allocation, that may rely on years of experience would be expert testimony governed by Rule 702, not 701.  "[K]nowledge derived from previous professional experiences fall squarely within the scope of Rule 702 and this by definition outside of Rule 701."  *United States v. Williams*, 827 F.3d 1134, 1156 (D.C. Cir. 2016).  In the instant

proceeding, the City did not designate Mr. Tobias as an expert nor qualify him as one, and therefore cannot seek to have Mr. Tobias testify at trial on points the exercise of expertise.

Moreover, to the extent he seeks to present testimony requiring scientific, technical or other specialized knowledge, even though Mr. Tobias may have been assigned the tasks in the scope of his employment, the City was still required to designated him as an expert under Fed. R. Civ. P. 26(a) and that he be qualified as an expert under FRE 702.  The City did neither.  Had Mr. Tobias been designated as an Expert, which he was not, he may not have been required to provide a report, but he still must have been designated and qualified as an expert. *See, e.g.*, Fed. R. Civ. P. 26(a)(2).  Rule 26(a)(2) contemplates and provides for situations where a witness with specialized, technical experience that is part of their regular employment duties can testify as an expert under Rule 702, but that witness must still be designated in advance as an expert; the Rule simply provides that such witness is not required to provide an expert report when testifying as an expert is not part of their regular duties.  Fed. R. Civ. P. 26(a)(2).

Under Fed. R. Civ. P. 37(c)(1), the correct remedy for the City's failure to designate Mr. Tobias as an expert under Rule 26(a) is exclusion of expert testimony by Mr. Tobias.  Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P. 37 (c)(1).  The City has not offered any justification for not providing proper designation of Mr. Tobias and the failure is not harmless, as it deprives ExteNet of the opportunity to have tested and vetted Mr. Tobias, as afforded from the notice required under Rule 26(a).

## IV.    CONCLUSION

The City should not be allowed to offer expert opinion testimony in "lay witness

clothing," thereby violating Federal Rule of Evidence 701.  *See* Fed. R. Evid. 701 (Adv. Comm.

Notes to 2000 Amends.).  Thus, for the foregoing reasons, the Court should rule in advance of

trial that Mr. Tobias is precluded from offering expert opinion testimony, including but not

limited to regarding the reasonableness of the City's costs, cost allocations, or fees, or regarding

the appropriate allocation of costs.  In the alternative, the Court should preserve the issue for

application during trial based on the specific testimony offered by Mr. Tobias at that time.


DATED this 24th Day of February, 2023.


By: */s/ Haran C. Rashes*
Haran C. Rashes (4965307)
Associate General Counsel
EXTENET SYSTEMS LLC
3030 Warrenville Road, Suite 340
Lisle, Illinois 60532
(630) 245-2064
hrashes@extenetsystems.com


T. Scott Thompson (*pro hac vice*)
Jon Garvin
Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
555 12th St. NW, Suite 1100
Washington, DC 20004
(202) 434-7440
SThompson@Mintz.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 24th day of February 2023, a copy of the foregoing **PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE*** was electronically filed and served via the CM/ECF system upon the following counsel for Defendant:

TIMOTHY R. CURTIN, Corporation Counsel
PATRICK BEATH, Esq., Of Counsel
30 Church Street, Room 400A
Rochester, New York 14614

*/s/ Haran C. Rashes*
Haran C. Rashes, Esq.

1

502566518v.4